*22 OPINION OF THE COURT
Arnold G. Fraiman, J.
By this CPLR article 78 proceeding petitioner, an employee of respondent Board of Education of the City of New York seeks an order (i) requiring respondents to recompute her seniority status and (ii) enjoining respondents from "excessing” or laying off petitioner until she is given additional seniority credit. Petitioner was licensed by the Board of Education as chairman of the department of music in the junior high schools in 1967. On February 3, 1969 she was appointed to that position and has served continuously in her license, first in that title, and since 1970, as an assistant principal, supervision of music in junior high schools, after the Board of Education changed the titles of all junior high school chairmen, such as petitioner, to assistant principal, supervision of music in junior high schools. Petitioner was also licensed in 1969 as an assistant to principal in the junior high schools, but has never been appointed to such position. (Assistant to principal in the junior high schools is a higher ranked position than assistant principal, supervision of music in junior high schools.)
In May, 1977 the Board of Education issued personnel memorandum No. 195 which requested information from various supervisory personnel, including petitioner, to aid it in developing complete and accurate seniority lists. Included in the memorandum was a provision that an individual could obtain additional "constructive seniority credit” if he was of either Black or Hispanic descent and had failed a Board of Examiners test between 1960 and 1971 in the supervisory license area in which he was properly selected and served. This provision was in compliance with a Federal court order issued in a class action in which it was apparently successfully contended that the examinations conducted by the Board of Examiners for supervisory personnel in the Board of Education during the aforesaid years discriminated against Blacks and Hispanics. (Chance v Board of Examiners, 330 F Supp 203, affd 458 F2d 1167.)
After furnishing the information sought in the personnel memorandum, petitioner was notified on June 29, 1977 that she was being "excessed” or laid off on the basis of the seniority to which it was determined she was entitled by reason of her job history. She thereupon filed a grievance with the Division of Personnel of the Board of Education on the *23 ground that she was denied certain additional seniority credits to which she claimed entitlement. Specifically, she claimed "constructive seniority credit” because of her sex and ethnic origin (Italian-American). In addition, she contended that she was entitled to seniority credit for the period between 1967 and 1969 when she had served as acting music chairman, junior high schools, and held the appropriate license. Finally, she claimed entitlement to additional seniority credit for the period subsequent to 1969 because during that period she held a license as a general assistant principal, junior high schools, in addition to her other licenses, and allegedly was performing the duties called for by that license. Her grievance was denied on September 9, 1977, and she then commenced the instant proceeding.
With respect to petitioner’s claim that she is entitled to constructive seniority based on her status as an Italian-American woman, as noted the provision for granting constructive seniority to Blacks and Hispanics contained in personnel memorandum No. 195 was the result of a court order. Inasmuch as petitioner is not a member of the classes encompassed by that order she is not entitled to constructive seniority on that ground. Nor has she demonstrated any basis for this court’s expansion of that order to include Italian-American women. Although persons in supervisory positions in the Board of Education fitting that description may indeed represent only a small minority of the supervisory staff, no showing has been made that this is the result of discriminatory testing, which was the basis for the court order in the Chance (supra) case. Absent such a showing, the court declines to expand the classes referred to in that decision.
Turning to petitioner’s claim for additional seniority credit for having served in an acting supervisory capacity between 1967 and 1969, and also by reason of having performed the functions of an assistant principal, junior high schools, after 1969, while possessing the license for that position, this must also be rejected. The Board of Education awarded seniority credit solely on the basis of positions to which an individual not only was licensed to hold, but to which he had been appointed. This was in accordance with section 2588 of the Education Law, and the court finds no basis for concluding that the application of this criterion was arbitrary, capricious or contrary to law. Petitioner not having been appointed to the position of assistant principal, supervi *24 sion of music, until 1969, and never having been appointed to the position of assistant principal, junior high schools, she was not entitled to the seniority credit to which she claimed she was entitled. Accordingly, the petition is dismissed.